IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA COLE                                                              PLAINTIFF

v.                            CIVIL NO. 16-2079

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lisa Cole, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on June 4, 2013, alleging an inability to work due to Grave's disease, high blood pressure, and eye problems. (Doc. 10, pp. 62, 149). An administrative hearing was held on September 4, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 39-60).

By written decision dated December 15, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 10, p. 18). Specifically, the ALJ found Plaintiff had the following severe impairments:

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

hypothyroidism with medication; generalized myalgias; major depressive disorder; and generalized anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except: the claimant is limited to occasional climbing, balancing, kneeling, stooping, crouching, and crawling. The claimant should avoid work requiring reading print smaller than that found in children's books. The claimant is limited to simple, routine, repetitive tasks involving only simple work-related decisions with few, if any, workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

(Doc. 10, p. 20). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a power screwdriver operator, a molding and casting machine tender, and a motel maid. (Doc. 10, p. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 15, 2016. (Doc. 10, pp. 5-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Defendant argues substantial evidence supports the ALJ's determination.

#### A. Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. In assessing

Plaintiff's daily activities and functioning, the ALJ pointed out that Plaintiff was able to perform basic self-care tasks; that Plaintiff was able to perform household chores impaired by experiencing problems with standing; that Plaintiff could take care of her personal needs; and that Plaintiff could shop for food. A review of the medical records revealed that on March 26, 2014, Plaintiff reported that she went fishing every day out in the sun. (Doc. 10, p. 270). The ALJ noted the inconsistency between Plaintiff's report to her medical provider that she fished daily, and her testimony at the administrative hearing that she had not gone fishing in three years. (Doc. 10, p. 53).

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes throughout the relevant time periods.

With respect to Plaintiff's alleged physical impairments, the record revealed that Plaintiff was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain).

With regard to Plaintiff's alleged mental impairments, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional

during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

With regard to the statements by Plaintiff's husband, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the time period in question. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. The ALJ also discussed the medical opinions of the examining and non-examining medical professionals, including the opinion of Drs. Clifford Lamar Evans and Terry L. Efird, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a power screwdriver operator, a molding and casting machine tender, and a motel maid. Pickney v.

Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 16th day of May 2017.

/s/    *Erin L. Wiedemann*
   HON. ERIN L. WIEDEMANN
   UNITED STATES MAGISTRATE JUDGE